IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-516-WKW |
| | ) [WO] |
| GOURMET SERVICES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Defendants' motion for reconsideration (Doc. # 96), in which Defendants request that the court reconsider its order (Doc. # 90) granting Plaintiff Lawrence Wells's motion to strike Defendants' FLSA defenses (Doc. # 85). Mr. Wells's motion to strike was granted on June 30, 2015, in light of Defendants' failure to raise properly the exemptions as affirmative defenses. Mr. Wells responded in opposition to the motion for reconsideration, arguing that the court's initial determination was appropriate. (Doc. # 99.) Upon a careful review of Defendants' motion, the applicable record, the circumstances attending this case, and relevant case law, the motion is due to be denied.

A district court has broad discretion to reconsider an interlocutory order. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *see also United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. Unit B 1982) ("[T]he district

court has broad power to reconsider the correctness of its interlocutory rulings.").[1] Defendants assert that reconsideration is appropriate "because without it, manifest injustice will occur." (Doc. # 96, at 7.) Specifically, they argue that (1) Mr. Wells was on notice as to Defendants' likely reliance upon FLSA exemption defenses; (2) because he had been put on notice, Mr. Wells would not suffer prejudice or unfair surprise should Defendants be allowed to raise FLSA exemption defenses during trial; and (3) the FLSA exemption "defenses are at the very heart of [Defendants'] defense to the FLSA claim asserted by" Mr. Wells. (Doc. # 96, at 14.)

As is routinely recognized by the Eleventh Circuit, the "[f]ailure to plead an affirmative defense generally results in a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). Defendants correctly point out, however, that, "[w]hen a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). In light of these principles, Defendants highlight three facts that they believe establish that Mr. Wells was on notice that Defendants would raise the FLSA exemption defense, thereby avoiding any prejudice.

First, Defendants contend that Mr. Wells knew that exemptions to his FLSA

---

[1] Decisions of Unit B of the former Fifth Circuit are binding precedent in this

claims existed, and they argue that Mr. Wells's pleadings evidence an express intent to evade the exemptions' reach. Second, Defendants assert that their former counsel put Mr. Wells on notice that they would rely on the exemption defenses when he mentioned them during a hearing before the Magistrate Judge. Third, Defendants argue that their express inclusion of the exemption defenses in the proposed pretrial order served to cure any procedural errors created by not pleading the defenses in an answer.

Defendants' arguments, however, are without merit because, as discussed below, Mr. Wells would be unduly prejudiced should Defendants be allowed to raise the improperly pleaded exemption defenses at this stage of the litigation. First, Defendants are not merely seeking to interject exemption defenses accidentally missing from an otherwise complete answer to Mr. Wells's Amended Complaint. Rather, Defendants have not answered the operative complaint at all. Second, while the former defense counsel mentioned his belief that exemptions were relevant in this case on a singular occurrence in response to the Magistrate Judge's questioning, the Magistrate Judge specifically informed both parties in the Order and Recommendation that such defenses had yet to be raised by Defendants. (Doc. # 64, at 20 (notifying the parties that whether Mr. Wells qualified as an exempt employee was "an affirmative defense, and, *if raised*, the burden of proving the exemption is on [Mr.] Wells's employer") (emphasis added).) Defendants, even after receiving this warning, did not

---

circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

raise exemption defenses. Third, upon Mr. Wells's receipt of Defendants' proposed pretrial order stipulations, he immediately objected to any inclusion of FLSA exemptions on the ground that they had not been properly raised as affirmative defenses and their inclusion weeks prior to trial would constitute undue prejudice.[2]

For the foregoing reasons, and having considered and weighed the arguments of undue prejudice of both sides, Defendants will not be allowed to raise FLSA exemption defenses at trial as Mr. Wells did not have fair notice that Defendants would rely on the defenses and their assertion at this stage of the litigation would constitute undue prejudice. Accordingly, Defendants' Motion for Reconsideration (Doc. # 96) is DENIED.

DONE this 15th day of July, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This case has been pending for almost twenty-four months, and the court is informed that Mr. Wells is currently employed in Dubai and that his attendance at the upcoming trial required significant advance planning and costs, and cannot be easily modified. The court is unwilling this late in the litigation to add a defense, and attendant complications because of Mr. Wells's whereabouts, that could have been raised and addressed much earlier, but for the neglect of Defendants and/or their former counsel.