IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
NORTHERN DIVISION

| | |
|---|---|
| **LAWRENCE WELLS** )<br>)<br>**Plaintiff,** )<br>)<br>Vs. )<br>)<br>**GOURMET SERVICES INC., ET.AL** )<br>)<br>**Defendants.** ) | CIVIL ACTION NO.<br>2:13-CV-00516-WKW-CSC |

### FEE PETITON AND AFFIDAVIT OF JAMES E. LONG

Comes now James E. Long, counsel for Plaintiff and submits this fee petition, affidavit and declaration in compliance with this Court's Order dated May 23, 2016 (Doc. 163) as follows:

State Of Alabama

Montgomery County

I swear and affirm that:

1. My name is James E. Long and I make this affidavit and the statements contained herein upon my personal knowledge.

2. I am the attorney for Plaintiff in the above styled mater and have provided beneficial, valuable and necessary services on behalf of the Plaintiff for which I am requesting compensation per Court Order (Doc. 163). I submit this affidavit to provide this Honorable Court with the information necessary to evaluate the reasonableness of the requested attorney's fees.

1

3. I have been a practicing attorney in the State of Alabama for 36 years. I served as Alabama Assistant Attorney General and Alabama Deputy Attorney General with the Department of Human Resources (DHR) for over twenty-eight (28) years, 1983-2012. I am a 1976 Graduate of the University of Alabama and a 1979 Graduate of the University Of Alabama School Of Law. I have defended major state and federal litigation involving DHR, the State of Alabama, and various government officials, including several class actions. I have litigated trial and appellate cases in many counties in this state and in all three federal district courts and all three bankruptcy courts in Alabama as well as in the Eleventh Circuit Court of Appeals and the United States Supreme Court. I am experienced in class actions and major litigation in state and federal court. I was one of the three-person team that litigated and negotiated the R.C. child welfare federal court consent decree in 1991 that reformed the child welfare system in Alabama. I originated the term and developed the initial process of "conversion" for federal court and DHR determination of decree compliance. I was lead defense counsel in the Arrington child support class action involving 300,000 persons decided in the state's favor at the trial and appellate level. I retired from state government in 2012 and later entered the private practice of law.

4. A Court may award attorney's fee solely by looking to the record. *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To set a reasonable attorneys' fee, the court must first determine a lodestar, which "is determined by multiplication of a reasonable hourly rates times hours reasonably expended." *Id.* At 1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyer of reasonability comparable skills, experience,

and reputation." *Id*. At 1299. This Court has stated the following regarding the prevailing market rate in the Middle District of Alabama:

> In the Middle District of Alabama, skilled lawyers with twenty years or more of experience may expect to receive $300 an hour, lawyers with ten years or more experience may receive between $200 and $250 an hour, and associates may expect to receive $150-$185 an hour. See *Weatherly v. Ala. State Univ.*, No. 10-cv-192-WHA, 2013 WL 6145315, at 3-8 (M.D. Ala. Nov. 21, 2013); *Gaylor v. Gomala Credit Union*, No. 10-cv-725, 2012 WL 1987183, at 2-3 (M.D.Ala. Jun. 1, 2012)(class action); *Alfa Corp. v. Alfa Mont. Inc.*, 560 F. Supp. 2d 1156, 1180 (M.D. Ala. 2008; *Simpleville Music v. Mizell*, 511 F.Supp.2d 1158, 1162-64 (M.D.Ala. 2007).

*Weekes-Walker v. Macon County Greyhound Park, Inc.*, 2014 WL 3547728 fn. 15 (M.D.Ala. July 16, 2014).

5. I am requesting approval for a fee in the amount of $6000. The amount of this fee is calculated as follows:

| | |
|---|---|
| Reasonable Attorney time expended on matter: | 20 hours |
| Reasonable Attorney hourly rate: | $300 |
| Total reasonable Attorney fee requested: | $6000 |

6. An itemization of the time expended in the case on the affirmative defenses referenced per Court Order (Doc 163) up to the date of the filing of this document is attached hereto. **(Exhibit A)**. The time expended on the matters referenced was reasonable and necessary and added value. The hourly rate was derived at after consideration of the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974) and *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The rate and reasonableness of the time and rate is based on the opinions in the affidavits submitted with this petition by attorney Julian McPhillips and attorney Fred Bell and attorney Sylvester Smith (Attached **as Exhibits B, C and D** respectively).

7. The hours listed in the itemization have been reduced and/or removed to eliminate duplication and excessiveness.

8. From my personal experience and knowledge of what attorneys charge for federal litigation in the labor, civil rights and employment areas, fees normally charged by attorneys practicing within this jurisdiction and the State of Alabama. I am also familiar with the rates charged to clients for non-contingent litigation-related work at rates ranging between $250 and $350 per hour. Cases of this type, where personal and civil rights are being asserted or defended, are hotly contested and unpopular cases in the legal community. The current law also makes these cases difficult and unpopular for practitioners to litigate as many are dismissed at the summary judgment stage. I am familiar with rates billed and paid in this district in employment discrimination, labor and civil rights litigation and similar cases requiring comparable skill, effort and responsibility. The prevailing market rates in the Middle District of Alabama and in the State of Alabama for plaintiff's cases such as the current case ranges from $250 to $350 per hour depending on the skill of the litigators. The prevailing rates vary within that range depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience handling cases of this nature, length of experience, and by his or her reputation derived therefrom), the sophistication of the client, and the attorney's ability to negotiate a compensatory rate.

9. The $300 hourly rate that plaintiff counsel is seeking in this matter is well within the prevailing rates charged by attorney performing similar work and possessing similar experience. Furthermore based upon the complexity of this case and the length of time this case has pended, other case work would have been curtailed to the point plaintiff's

counsel was limited in his ability to pursue other cases that could have brought quicker results in a shorter time frame. Further, many civil rights case are deemed unpopular and prevent other potential clients form seeking out attorneys who practice person rights litigation.

10. Attorney fees will be computed by determining the "lodestar" which is the number of hours reasonably expended multiplied by a reasonable hourly rate. Under *Johnson*, the court set forth factors to be considered in an award of attorney's fees. These factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Statements aligned with the application of these factors are contained throughout this affidavit but are summarily grouped together as follows:

(a) <u>Nature, Extent and Difficulty of the Legal Services Rendered</u>. This case has involved a federal claim for overtime under the Fair Labor Standards Act, This case has been pending for nearly four years with Plaintiff's counsel having filed notice of appearance in January 2015. This case has involved numerous legal pleadings, orders, hearings and other legal activities. The case has involved issues of the FLSA overtime, executive and administrative exemptions from overtime as well as the FLSA good faith defense. Numerous motions, objections, replies and response have

been filed by both sides. The factual and legal issues are complex and detailed in nature and much legal research and pleading preparation was necessary to adequately represent the client.

(b) <u>Time and Labor Necessarily Devoted to the Case</u>. This case has involved difficult legal and factual issues requiring much legal and factual research and client consultation. The fact the client is in the country of Dubai has increased the time spent on the case due to the difficulty of phone communication and document exchange. Approximately 13 hours was spent on the matters referenced in Court Order 163 as itemized in Exhibit A. The time and labor devoted to the case was necessary to properly handle the case.

(c) <u>Professional Standing of Counsel and Experience</u>. I have been a practicing attorney in the State of Alabama for 36 years. I served as Alabama Assistant Attorney General and Alabama Deputy Attorney General with the Department of Human Resources (DHR) for over twenty-eight (28) years, 1983-2012. I am a 1976 Graduate of the University of Alabama and a 1979 Graduate of the University Of Alabama School Of Law. I have defended major state and federal litigation involving DHR, the State of Alabama, and various government officials, including several class actions. I have defended and filed civil rights and discrimination cases for many years. I have litigated trial and appellate cases in many counties in this state and in all three federal district courts and all three bankruptcy courts in Alabama as well as in the Eleventh Circuit Court of Appeals and the United States Supreme Court.

(d) <u>Contingency of Compensation</u>. Under FLSA law, attorney fee awards are based upon the time, customary market rate and reasonableness of the fee. The time attached reflect reasonable and normal billing hours.

(e) <u>Customary Fee Charged on the Locality for Similar Cases</u>. I am aware from discussions with clients, other attorneys in the Middle District area, review of fee petitions in the Middle District, and from my general familiarity with the legal profession that the fees charged for services similar to those in this case range in the Middle District from $250 to $325 per hour. As stated earlier, my hourly rate is within this range in this case and other attorney in the area have executed affidavits that have been made a part of this petition so stating the customary rates for this area. Accordingly, the requested hourly rate is in line with the fee customary charged in this locality for similar services.

(f) <u>Beneficial Results Obtained and Ability</u>. Efforts expended in the present case were quite beneficial to the plaintiff partly due to skill ascertained through my experience in the area and ability to decipher and discern viable facts, theories and substantive and procedural law from those that would not be viable and make for wasted efforts and confusion. Accordingly, it is submitted that beneficial results have been obtained on the Plaintiff's behalf due in part to the abilities described herein. In addition, assistance to the client for one year prior to entering notice of appearance in the case were beneficial to the client in helping to frame and present the FLSA issue and evidence separate from the racial discrimination issues and helping the FLSA issue survive dismissal. Recently my involvement has been beneficial to the client in

helping survive summary judgement and in the litigating of the FLSA affirmative defense issue.

(g) <u>Undesirability and Length of Professional Relationship</u>. Attorneys do not often engage in this type of case due to the negative stigmatism associated therewith, the inability of plaintiffs to pay, the extensive legal work required to get to and prevail at trial, and the risk of working for little to nothing with a small percentage of opportunity to recoup funds for the time and efforts expended. I began committing a large number of attorney time hours consistently and having extensive contacts by phone and mail and through legal research, and extensive document exchange with Plaintiff in January 2014, one year before filing notice of appearance in the case in January 2015.

(h) <u>Awards in similar cases</u>. This court has already awarded me reasonable attorney fees (See Doc. 136 August 13, 2015) at the $300 an hour rate earlier in this case on a similar issue.

(i) <u>Preclusion of Other Employment</u>. Though efficiency has been used in carrying out every phase, the nature and complexity of the case has required lots of legal research, pleading preparation, review of a large number of discovery documents and review of hundreds of pages of documents filed pro se by Plaintiff. This extensive work has resulted in the preclusion of other employment.

11. After due consideration of the nature, extent, and difficulty of the legal services rendered, the time and labor necessary devoted to the case, the professional standing of counsel and experience, the contingency of compensation, the customary rate charged in the locality for similar services, the beneficial results outlined and ability and reputation, the

undesirability and the length of the professional relationship with clients, previous approval of awards and preclusion of other employment, I respectfully summit that an award of attorney's fees to the full extend set forth in the Affidavit is appropriate and allowable.

12. I have attached my itemized statement of attorney fees and expenses as Exhibit A. Attorney fees claimed include only for those related to the FLSA exemption issue as specified in the Court Order (Doc. 163). I respectfully request payment of reasonable attorney fees for 20 hours related to that work at $300/hr. for a total fee amount of $6000.

*James E. Long*
James E. Long

STATE OF ALABAMA

MONTGOMERY COUNTY

    Before me, the undersigned authority, a notary public in and for said State and County, personally appeared James E. Long. who is personally known to me and who being by me first duly sworn on oath, depose and states under the penalty of perjury that the averments contained in the foregoing Affidavit and Testimony are true and correct to the best of her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me this the 16th day of June 2016.

*Roseline Woodson Smith*
Notary Public,
State of Alabama
My Commission expires: 01-28-2019

RESPECTFULLY SUBMITTED,

/s/ James E. Long
JAMES E. LONG (LON016)
Attorney for Plaintiff

James E. Long
Attorney at Law
1015 South McDonough Street
Montgomery, Alabama 36104
(334) 262-7850
Jameslong4006@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of Fee Petition and Affidavit Of James E. Long using the electronic Pacer system and/or by placing copies thereof in the United States Mail, First Class postage prepaid, on this the 17th day of June, 2016, addressed as follows:

Thomas T. Gallion III
Constance C. Walker
Haskell Slaughter & Gallion LLC
8 Commerce Street
Suite 1200
Montgomery, Alabama 36104
Attorneys For Defendants

Freddie Gallot, Jr.
P. O. Box 231536
Montgomery, AL 36123
Attorneys for Defendants

/s/ James E. Long
James E. Long-LON016