IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-516-WKW |
| | ) [WO] |
| GOURMET SERVICES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Defendants' motion to reconsider the imposition of sanctions for violating a court order. (Doc. # 169.)

As explained in the May 23, 2016 Order (Doc. # 163) that is the subject of the motion to reconsider, the court carefully considered the appropriate consequences for the violation, including (as Plaintiff urged) the comparatively harsher sanction of striking the noncompliant answer and again barring Defendants from raising FLSA defenses altogether.[1] However, the court concluded that a more appropriate resolution would be to grant Defendants' motion for leave to amend

---

[1] The order that Defendants violated clearly set out what was and was not to be included in the answer and warned of potential sanctions if the answer did not comply. The order specifically warned that failure to file an answer that complied with the court's instructions "may result in the striking of all affirmative defenses and in denial of the pending summary judgment motion." (Doc. # 146 (emphasis omitted).) The subsequent wholesale violation of the very specific terms of that order was so blatant that it could only have been willful.

their noncompliant answer, but require Defendants to reimburse Plaintiff for attorney fees incurred as a result of the noncompliance.

The court acknowledges Defendants' contrite apology and confidently expects that defense counsel will abide by their representation that Defendants will commit no further violations of court orders.  However, the apology is not sufficient grounds for reconsideration because punishment and prevention of future violations were not the primary reasons for the sanctions.  The court has a duty to manage this case by ensuring compliance with its orders.  On the basis of that duty and the necessity of ameliorating undue prejudice to Plaintiff, in the interest of justice, the sanctions were necessary if an amendment was to be allowed.  *See* Fed. R. Civ. P. 15 (amended pleadings are to be allowed "when justice so requires"); *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("A motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." (citations and internal quotation marks omitted)).

The sanctions imposed are reasonably and narrowly tailored to the offense, and they effectively eliminate any prejudice caused by the allowance of the amendment.  The sanctions were not an abuse of discretion, and Defendants do not argue otherwise.

Accordingly, it is ORDERED that the motion to reconsider (Doc. # 169) is DENIED.

DONE this 17th day of June, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE