IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-516-WKW |
| | ) [WO] |
| GOURMET SERVICES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Before the court are the fee petition[1] of James E. Long (Doc. # 170) and Defendants' objection to the fee petition. (Doc. # 172.) Having reviewed the petition with its accompanying exhibits, the objection, and the record, the court concludes that, based on the number of hours[2] reasonably expended by Plaintiff's attorney in conjunction with the motion to strike and the fee petition, Plaintiff is entitled to an attorney's fee in the amount of $5,400.00.[3] *Cf. Hensley v. Eckerhart*,

---

[1] The court has already determined that Plaintiff is entitled to an attorney's fee for "the costs Plaintiff reasonably incurred in filing the motion to strike (Doc. # 151) and Plaintiff's reply in support of the motion to strike (Doc. # 155)," as well as any attorney's fee reasonably incurred in filing the fee petition. (Doc. # 163; *see also* Doc. # 171 (denying Defendants' motion to reconsider imposition of attorney's fee)).

[2] Defendants do not contest Plaintiff's attorney's rate of $300 per hour.

[3] Plaintiff requested a fee of $6,000.00. The amount awarded reflects a reduction of two hours of research that were in excess of that which would be reasonable to bill a client for the work performed. Although those two hours were not reasonably necessary for the work performed, Plaintiff's inclusion of those hours in the fee petition is not so "clearly excessive or beyond what is permitted" as to justify denial of the petition in its entirety or any other sanction. (Doc. # 163 at 4.)

461 U.S. 424, 433–34 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The district court . . . should exclude from this initial fee calculation hours that were not reasonably expended." (citation and internal quotation marks omitted)).

Accordingly, it is ORDERED that the petition for attorney's fees (Doc. # 170) is GRANTED and that Defendants are liable to Plaintiff for an attorney's fee in the amount of $5,400.00, payable on or before **January 31, 2017**. Failure to timely pay the attorney's fee may result in the striking of all affirmative defenses (*see* Doc. # 163 at 4 ¶ 2) or other appropriate sanctions.

Further, upon consideration of Plaintiff's status report (Doc. # 173), it is ORDERED that, on or before **December 22, 2016**, the parties shall file a joint status report. The report shall include (1) a statement from Plaintiff regarding whether he continues to be legally prohibited from leaving the country of Dubai and, if so, a statement as to how long he will continue to be legally prohibited from leaving the country; and (2) a joint statement as to whether any discovery remains outstanding.

DONE this 14th day of December, 2016.

                                              /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE