IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-516-WKW |
| | ) | [WO] |
| GOURMET SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' motion for sanctions. (Doc. # 188.) Also before the court is Plaintiff Lawrence Wells's Response (Doc. # 193) to the December 28, 2017 Order (Doc. # 189) to show cause.

## I. STANDARD OF REVIEW

"'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)). "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers*, 501 U.S. at 43).

Under Federal Rule of Civil Procedure 41(b), a district court has discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "The court's power to dismiss [under Rule 41(b)] is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). "'The power to invoke this sanction [by dismissal under Rule 41(b)] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)[1]).

Whether to dismiss a complaint under Rule 41(b) and the court's inherent powers "is a matter committed to the district court's discretion." *Id.* at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth*, 766 F.2d at 1535. In considering whether to dismiss a case under Rule 41(b), "a district court must consider the possibility of alternative, lesser sanctions." *Zocaras v. Castro*, 465

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

F.3d 479, 484 (11th Cir. 2006). Nevertheless, dismissal can be appropriate where there is a "'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice" to serve the interests of justice and to secure future compliance with court orders. *Goforth*, 766 F.2d at 1535 (quoting *Jones*, 709 F.2d at 1458); *see also Zocaras*, 465 F.3d at 483 (noting that dismissal under Rule 41(b) requires "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct").

## II.    PROCEDURAL HISTORY

This case has been pending since Mr. Wells filed his 816-page *pro se* complaint on July 19, 2013. (Doc. # 1.) Other than to set out the details most immediately relevant to Mr. Wells's current failure to comply with court orders, the court will not clutter this Memorandum Opinion with a recitation of the lengthy procedural history of the case. The court notes, however, that the primary reason this case has been pending for an unusually long period of time is because this court has "bent over backwards" to give Mr. Wells, who was proceeding *pro se* for the majority of the active life of this case and who became unable to travel to the United States after he obtained counsel, a chance to present and litigate his remaining claim. *Equity Lifestyle*, 556 F.3d at 1241.

On October 2, 2013, the United States Magistrate Judge entered an order setting the case for a scheduling and status conference on October 17, 2013.

(Doc. # 16.) The order required Mr. Wells, who was proceeding *pro se* at the time, to appear in person at the conference. The order advised that failure to appear could result in a recommendation that the case be dismissed. (Doc. # 16.)

On October 8, 2013, Mr. Wells telephoned the office of the United States Magistrate Judge to explain that he was in Phnom Penh, Cambodia, and to request that the October 17, 2013 status and scheduling conference be held by telephone or via Skype. (Doc. # 18.) The Magistrate Judge, through his staff, instructed Mr. Wells to file a written motion containing this request. (*See* Doc. # 18.) Mr. Wells asked if he could file the motion by email, and he was specifically instructed that the court does not accept filings or communications via email. (Doc. # 18.) Mr. Wells stated that he would submit a motion to the Clerk's office by express mail. (Doc. # 18.) Nevertheless, Mr. Wells then immediately began to attempt to communicate with the court by email and to submit motions by email to a court email account which he had been told was not for that purpose. (Doc. # 18.) Mr. Wells also attempted to effect service on the other parties by sending copies of the emails to their personal email accounts. (Doc. # 18.)

Thereafter, on October 15, 2013, the United States Magistrate Judge entered an order resetting the status and scheduling conference for December 10, 2013, and further admonishing Mr. Wells as follows:

> Mr. Wells is again **INSTRUCTED** not to attempt to communicate with the court or to submit motions or other documents to the court

via email. Papers are to be filed by physical delivery to the Clerk's office. Fed. R. Civ. P. 5(d)(2)(A). This court does not accept *ex parte* email communications from any party. The court will not respond to unauthorized email communications; such communications are subject to deletion. *Continued failure to comply with these instructions may result in sanctions.*

Mr. Wells is further **INSTRUCTED** that service must be effected in accordance with Rule 5(b), Fed. R. Civ. P. The Federal Rules of Civil Procedure require that the plaintiff *mail* to the lawyer for the defendants or, if no attorney has appeared on behalf of the defendants, the defendants themselves, a true copy of anything which the plaintiff sends to or files with the court. Fed. R. Civ. P. 5(b). Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading or other document has been sent to the lawyer for the defendants.

. . . .

Mr. Wells is further specifically advised that this case will move forward even if he must proceed *pro se*, and even if he has left the country. The court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

(Doc. # 18 (emphasis in original).)

On January 7, 2015, Attorney James E. Long entered a notice of appearance on behalf of Mr. Wells. (Doc. # 73.) The case then proceeded at a reasonable pace until the July 27, 2015 trial was continued only three days before it was scheduled to start. (Doc. # 128.) Thereafter, rescheduling the trial was delayed because the government of Dubai, to which Mr. Wells had relocated while the

case was pending, would not allow him to leave that country. (Doc. # 139; Doc. # 173; Doc. # 180.) In July 2017, without having been advised that Mr. Wells would be able to leave Dubai, the court set the case for a pretrial conference on January 11, 2018, and for trial on February 26, 2018. (Doc. # 179.) Mr. Wells did not object to the trial setting.

On November 15, 2017, Defendants filed a motion to strike a request[2] Mr. Wells[3] had attempted to submit to the court via email to the United States Magistrate Judge's address that he had been instructed not to use. (Doc. # 184.)

On November 17, 2017, the court entered an order denying the motion to strike as moot on grounds that the court had already disregarded the email and had not read its contents. (Doc. # 185.) The Order stated:

> As Plaintiff has already been advised on several occasions, "the court does not accept filings or communications via email." (Doc. # 18 (emphasis omitted).) Therefore, the court did not read Plaintiff's email. (Doc. # 18 at 2 ("The court will not respond to unauthorized email communications; such communications are subject to deletion.")).

---

[2] The scheduling order entered July 19, 2017, required that, "[n]o later than November 15, 2017, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations." (Doc. # 181 at 1.) Mr. Wells allegedly requested by email that the court require Defendants to reimburse him for traveling to the United States to attend the settlement conference. The court did not open or read the November 2017 email from Mr. Wells, but the court did verify that Mr. Wells submitted a request to the court by email, which he had been instructed not to do, at the United States Magistrate Judge's email address he had been instructed not to use.

[3] In November 2017, Mr. Wells was represented by counsel, but there is no indication that Mr. Wells's counsel participated in his November 2017 violation of the October 15, 2013 court order.

. . . .

> Plaintiff is again REMINDED that the court will not accept *ex parte* email communications from any party. ***Unauthorized email communications will not be considered and are subject to deletion. Continued unauthorized use of email communications may result in sanctions.***
>
> Further, Plaintiff is ADVISED that, because he is represented by counsel, and to ensure the orderly disposition of this case, he is not permitted to file motions or otherwise appear before the court *pro se*. Except by prior leave of court upon a showing of compelling circumstances, ***all requests for court action must be filed by Plaintiff's attorney of record*** in accordance with the applicable Rules of Civil Procedure and Local Rules. ***Documents or motions filed by Plaintiff* pro se *in violation of this Order may be stricken from the record and may result in sanctions.***

(Doc. # 185 (footnote omitted; emphasis in original).)

On December 21, 2017, Mr. Wells again attempted to submit a motion to the court via email to the same email address he had previously been instructed not to use. (Doc. # 188 at 5.)[4] Later in the day on December 21, 2017, Defendants filed an objection to the email and a motion for sanctions. (Doc. # 188.)

On December 28, 2017, the court entered an Order to Show Cause, which required Plaintiff to file, on or before January 5, 2018, a response in accordance with the following instructions:

---

[4] The court did not open the attachments to the email that presumably contained Mr. Wells's proposed filings. However, the court did verify that it received Mr. Wells's December 21, 2017 email, a printed copy of which was attached to Defendants' December 21, 2017 objection and motion for sanctions. (Doc. # 188 at 5.) It does not appear that counsel participated in Mr. Well's December 21, 2017 violation of the court's orders.

In his response, Plaintiff shall show cause why he should not be sanctioned for his continued violations of – and disrespect for – this court's orders. Plaintiff shall specifically show cause why this action should not be dismissed, and why lesser sanctions, including monetary sanctions, should not be imposed for his disobedience. If Plaintiff contends that dismissal is too harsh a sanction, then he shall explain what lesser sanction would be reasonable, and why any sanction less than dismissal would be sufficient to ensure future compliance with this court's orders. Plaintiff shall further explain and present evidence regarding his ability to pay any monetary sanctions, including any attorneys' fees Defendants incurred in filing their December 21, 2017 motion. (Doc. # 188.)

. . . .

***Failure to timely comply with the requirements of this Order may be considered grounds for dismissal without further notice for failure to prosecute and for continued failure to comply with the Orders of this court.***

(Doc. # 189 at 3-4 (footnotes omitted; emphasis in original).)

On January 3, 2018, Plaintiff's counsel filed the following response to the

Order to Show Cause:

COMES NOW Plaintiff Lawrence Wells, through undersigned counsel, in response to this Court's December 28, 2017, Order (Doc. 189) to show cause why this case should not be dismissed for violation of this Court's Order, to state a reasonable fee sanction if the case is not dismissed, and to provide written proof of income and ability to pay any sanction ordered. Plaintiff counsel avers that he is unable to fully comply with this Court's Order after several communications with Plaintiff. Plaintiff Wells intends to attend in person the pretrial conference set (without a time as yet)[5] for January 11, 2018. Plaintiff has presented counsel with documentation of a ticket purchased to return to the U.S. from the Middle East on January 5, 2018 (Middle Eastern time). See attachment. Plaintiff

---

[5  By Order dated December 18, 2017, the pretrial conference was set for 10:00 a.m. on January 11, 2018.  (Doc. # 187 at 1.)]

requests that no ruling be made on the Order to show cause and that he be allowed to address the pending matter in person at the pretrial conference. Plaintiff counsel intends to file a motion to withdraw reluctantly contemporaneously with this response. Undersigned counsel will appear at the pretrial conference only if the motion to withdraw is still pending or as directed by the Court.

(Doc. # 193.)

## III.   DISCUSSION

### A.   <u>Plaintiff's Request To Extend the Deadline to Respond to the Order to Show Cause</u>

Plaintiff contends that he needs an extension until the date of the pretrial conference to respond to the Order to Show Cause because he will be traveling to the United States on January 5 and 6, 2018.  Despite the fact that those travel dates coincide with the deadline to show cause, Plaintiff has not demonstrated good cause why his travel arrangements prevent or inhibit his timely compliance with the Order.  The Order to Show Cause was entered on December 28, 2017.  Plaintiff was aware of the Order in time to communicate with his counsel about it.  In fact, the "several communications" between Plaintiff and his counsel regarding the Order to Show Cause occurred on or before *January 3, 2018*, the date Plaintiff's counsel filed Plaintiff's noncompliant response to the Order.  Accordingly, Plaintiff has not demonstrated any reason why his travel arrangements for January 5 and 6, 2018, prevented him from providing his counsel with the cooperation and communication necessary to timely respond to

the Order to Show Cause, or alternatively, from arranging to file a timely *pro se* response to the Order.[6]

In advance of a pretrial conference, all parties and the court must engage in significant preparation. Before the conference, the parties must confer, prepare witness and exhibit lists, and jointly prepare and submit a proposed pretrial order. All parties or their counsel must attend the conference in person. To prevent unnecessary litigation expenses and waste of scarce judicial resources, the court timed the date for Plaintiff to show cause why sanctions (including, potentially, dismissal) should not be imposed to provide Plaintiff with the longest reasonable opportunity to respond while still enabling Defendants to reply in support of their motion for sanctions and the court to resolve the motion *before* the January 11, 2018 pretrial conference.[7]

---

[6] In the Order to Show Cause, the court warned that "***[t]he deadlines contained in this Order will not be continued due to any change in Plaintiff's representation.***" (Doc. # 187 at 3 n.3 (emphasis in original).) The Order to Show Cause provided Plaintiff detailed instructions for filing a response to the Order to Show Cause in the event that he was no longer represented on the deadline to respond to the Order. (Doc. # 187 at 3 n.3.) The court notes that, in the Order to Show Cause, Plaintiff was advised as follows:

> Plaintiff is responsible for timely notifying [his counsel,] Mr. Long[,] of any intent to proceed *pro se* or to procure other counsel. If Mr. Long is unable to file a timely notice of withdrawal due to lack of sufficient or timely notice from Plaintiff, Plaintiff may be personally subject to further sanctions for violating this Order.

(Doc. # 189 at 3 n.3.)

[7] The Order to Show Cause allowed Defendants until January 9, 2018, (two business days after Plaintiff's response to the Order to Show Cause) to file a reply in support of their motion for sanctions. (Doc. # 189.) Thus, the court would have had, at most, approximately 24

Accordingly, the court finds that granting Plaintiff's request to extend the deadline to show cause until Plaintiff arrives at the pretrial conference would unjustly prejudice the court and Defendants by requiring potentially unnecessary preparation for the conference, by allowing for delayed submission of a proposed pretrial order,[8] by hampering Defendants' ability to timely prepare a reply to Plaintiff's response to the Order to Show Cause, and by otherwise wasting judicial resources and further delaying a case that has been pending since July 19, 2013.

## B.    <u>Sanctions</u>

Mr. Wells's counsel engaged in "several communications" with Plaintiff in an effort to comply with the Order to Show Cause.  (Doc. # 193.)  Mr. Wells was able to communicate with his counsel by email on January 1, 2018, to inform

---

hours to rule on the motion for sanctions in time to cancel the pretrial conference in the event that the ruling obviated the need for the conference.

The court will not continue the pretrial or trial of this case again or allow any further delays because (1) this case has been pending since July 19, 2013; (2) trial has already been continued once from its original July 27, 2015 setting; (3) the current trial setting is the result of a two-year delay from the original trial setting to allow Plaintiff to overcome travel restrictions imposed by the country of Dubai; and (4) Plaintiff is scheduled to return again to Dubai on January 15, 2018.

[8] The court notes that the parties did not comply with the December 18, 2017 Order requiring a jointly prepared proposed pretrial order to be filed no later than January 4, 2018. (Doc. # 187.)  The court need not inquire into why the parties failed to timely submit the proposed order because the dismissal of this case is not pursuant to Rule 16(f) of the Federal Rules of Civil Procedure for failure to timely comply with a scheduling or pretrial order.  *But see Goforth*, 766 F.2d at 1535 ("The trial court would also have been justified in dismissing this action under Rule 16(f) of the Federal Rules of Civil Procedure, as a sanction . . . . The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.").

counsel of his travel plans. (Doc. # 193-1.) Mr. Wells was also able to engage in additional communication to instruct his counsel to present his request that the court not enter sanctions until the date of the pretrial conference to allow Mr. Wells to appear in person and respond to the Order to Show Cause. (Doc. # 193.) During those communications, Mr. Wells did not provide counsel with information needed to comply with the Order to Show Cause.

The Order to Show Cause did not require Mr. Wells to engage in particularly extensive communications with his counsel. Mr. Wells needed only to discuss the Order to Show Cause, his violation of the court's Orders, the propriety or feasibility of lesser sanctions than dismissal, and basic information regarding his current financial status. Although Mr. Wells may have faced some scheduling difficulties in conversing with counsel internationally by telephone, he was able to communicate with counsel by email. (Doc. # 193-1.) Given the circumstances and communications referenced in Plaintiff's response to the Order to Show Cause, the court finds that the Order to Show Cause would not have required more communication than Mr. Wells was able, with reasonable diligence, to provide. Rather, based on Plaintiff's response to the Order to Show Cause, the court finds that Plaintiff was able to—and did—communicate with counsel, but that he knowingly chose not to undertake a reasonable effort to enable his counsel to formulate a timely, compliant response to the Order to Show Cause.

On three occasions, Plaintiff attempted to file motions by email after having previously been instructed not to do so. On two of those occasions, Plaintiff had also previously been warned of the possibility of sanctions for continued attempts to email the court. On the third occasion, Plaintiff's email submission also violated an instruction, with a warning of potential sanctions, that, absent extenuating circumstances, he was not to communicate with the court except through his attorney. (Doc. # 187.) Then, in defiance of an Order to Show Cause, which also warned of sanctions, including dismissal, for noncompliance, Plaintiff failed to communicate with counsel in a manner that would enable counsel to file a compliant response. Instead of complying with the Order, Plaintiff requested, without good cause, that the court postpone the deadline to respond to the Order.

Mr. Wells's decision to disregard the requirements of the Order to Show Cause and his request, without good cause, to respond to the Order at the pretrial conference demonstrate willful delay in complying with the Order. Based on Mr. Wells's willful noncompliance with the Order to Show Cause and his repeated attempts to submit motions by email in violation of court orders, the court finds that the record clearly establishes Mr. Wells's contumacious conduct and willful contempt.[9] *Goforth*, 766 F.2d at 1535 (holding that dismissal under Rule 41(b)

---

[9] The court notes that this is not the first instance of Mr. Wells's disobedience to the court when obedience is inconvenient. For example, in October 2015, Mr. Wells requested and was denied permission to file a motion by emailing it to the court because he was residing in Cambodia. (Doc. # 18.) Mr. Wells nevertheless attempted to file by email.

may be appropriate where a clear record establishes delay or willful contempt); *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980) (noting that dismissal with prejudice may be proper under Rule 41(b) where the record establishes the plaintiff's willful delay or contumacious conduct); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Further, upon review of the record and consideration of Plaintiff's response to the Order to Show Cause, the court concludes that repeated warnings of potential sanctions have not persuaded Plaintiff to comply with the court's orders, and that Plaintiff's continuing contumacious conduct demonstrates that sanctions less than dismissal with prejudice are unlikely to secure future compliance and the expeditious conclusion of this litigation. Moreover, crafting an award of monetary sanctions is not feasible in this case. Plaintiff is proceeding *in forma pauperis* and he has not complied with this court's instructions to demonstrate what amount of monetary sanctions, if any, he would be able to pay. In any event, lesser sanctions will not serve the interests of justice because, at best, they will result in further unwarranted delays and saddle Defendants and the court with additional unwarranted litigation burden and expense. *See Equity Lifestyle*, 556 F.3d at 1240 (holding that the power to dismiss a case under Rule 41(b) "'is

necessary . . . to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court'" (quoting *Durham*, 385 F.2d at 367); *Goforth*, 766 F.2d at 1535 (holding that lesser sanctions than dismissal "would not have served the interests of justice" where further delay would have only served to prejudice the defendants); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, regardless of financial status, "[n]o one should be permitted to misuse the courts with impunity").

## IV.   CONCLUSION

Accordingly, it is ORDERED that Defendants' motion for sanctions (Doc. # 188) is GRANTED and that this action is DISMISSED with prejudice.

Further, it is ORDERED that the motion to dismiss (Doc. # 186) is DENIED as moot.

Final judgment will be entered separately.

DONE this 5th day of January, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
