IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-516-WKW |
| | ) | (WO) |
| GOURMET SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff Lawrence Wells's motion for reconsideration (Doc. # 202), which the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) of the Federal Rules of Civil Procedure provides that, "on motion and just terms," a party may obtain relief from a judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The grounds for relief offered by Mr. Wells are not sufficient under Rule 60(b). Mr. Wells urges the court to consider his travel schedule and the fact that he lives and works in a time zone eleven hours ahead of this court's time zone. In dismissing the case, the court did consider Mr. Wells's travel schedule, as well as the potential inconvenience posed by distance and the time difference, but the court nevertheless concluded that Mr. Wells did not take reasonable efforts that were available to him to enable his attorney to timely comply with the order to show cause. (Doc. # 196 at 12-13.) Further, the court found that Mr. Wells's unrepentant pattern of willful, contumacious conduct indicated that sanctions less than dismissal were unlikely to be effective in securing his compliance with court orders in the future. (Doc. # 196 at 13-14.)

If anything, Mr. Wells's motion and attached exhibits confirm the court's earlier findings underlying the order of dismissal. The motion and exhibits establish that Mr. Wells's counsel emailed him on December 29, 2017 (within 24 hours of the issuance of the show cause order) to inform him that "this is a very serious order" and that "[Mr. Wells] should not have disobeyed the [c]ourt's prior order and sent that [email] to the [c]ourt." (Doc. # 202-3 at 1.) Counsel warned

Mr. Wells that the court "is clearly leaning toward dismissing your case unless we argue and prove" that Mr. Wells could pay monetary sanctions and "convince the court that [Mr. Wells] will never disobey a court order again." (Doc. # 202-3 at 1.) In addition, counsel advised that he would be unable to file a timely response to the show cause order if Mr. Wells did not provide the information necessary to comply with the order, or if counsel was not convinced "that [Mr. Wells's] agreement to pay and not disobey [was] genuine." (Doc. # 202-3 at 1.)

After counsel's December 29, 2017 email, there followed a number of emails between Mr. Wells and his counsel. Mr. Wells stated that he would be homeless, unemployed, and on food stamps when he returned to the United States. Mr. Wells also conveyed that he would be able to obtain a $1,000.00 advance on his salary that he could offer the court in payment as a reasonable sanction. Mr. Wells also noted that he would be travelling to the United States on the due date of the show cause order. Counsel advised: "I see your ticket coming back on the 5th. I still have to file a response by then." (Doc. # 202-3.)

Communications between Mr. Wells and his counsel confirm that Mr. Wells was aware of the seriousness of his conduct, the potential for sanctions (including dismissal), and that Mr. Wells's travel plans did not excuse compliance with the show cause order. Those communications further confirm that, despite travel plans and other inconveniences of Mr. Wells's overseas location, he was able to

communicate with his counsel about the show cause order, but chose not to do so in a manner that would enable counsel to file a compliant response.

The court recognizes that Mr. Wells has presented new information showing that he appears willing and able, at not insignificant sacrifice, to pay $1,000.00 in monetary sanctions.[1]  However, the primary purpose of monetary sanctions in this context is not to exact retribution, but to ensure future compliance with court orders.  *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (noting that dismissal under Rule 41(b) requires "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct").  Despite the directives of the show cause order and counsel's express request, neither Mr. Wells's motion nor his emails to his counsel provide reliable assurance that he will never disobey another court order.  Instead, Mr. Wells insists that, despite numerous prior court orders and warnings, his disobedience of—and  disrespect for—those orders and warnings should be excused because he wanted to present the court with information his counsel had declined to file on his behalf.  Mr.

---

[1] The new evidence regarding Mr. Wells's ability to pay monetary sanctions is not properly before the court because it could have been offered before the judgment of dismissal. *See Maradiaga v. United States*, 679 F.3d 1286, 1294 (11th Cir. 2012) ("It is not an abuse of discretion for the district court to deny a motion under Rule 60(b) when that motion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment.").  However, in light of Mr. Wells's circumstances, the court has considered that evidence.

Wells's excuse is not a valid justification for his disobedience.[2] His insistence on that insufficient excuse confirms that his attitude has not changed and that, even in the face of sanctions less than dismissal, he is unlikely to comply with the court's orders in the future when he disagrees with them or finds them inconvenient.

This action cannot proceed to trial in a timely and efficient manner without orderly procedure, which includes the parties' compliance with court orders. Sanctions less than dismissal provide no basis for assurance of Mr. Wells's future compliance. Dismissal was, and continues to be, the appropriate sanction.

Accordingly, it is ORDERED that the motion (Doc. # 202) is DENIED.

DONE this 23rd day of January, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court notes the following: (1) Mr. Wells has previously been informed of how to file documents *pro se* and, in fact, has complied with those requirements on numerous occasions when proceeding *pro se* (Doc. # 18 (warning of sanctions for noncompliance)); (2) Mr. Wells has been warned on numerous occasions not to attempt to communicate with the court by email; and (3) Mr. Wells was specifically warned that, to ensure the orderly disposition of the case, he could be subjected to sanctions if he filed motions or otherwise attempted to appear *pro se* except "by prior leave of court upon a showing of good cause." (Doc. # 185.) Accordingly, even if Mr. Wells was of the opinion that he needed to present something to the court *pro se* despite being represented by counsel, he was not foreclosed from doing so *in accordance with the court's orders*. Rather than complying with those orders, Mr. Wells chose to violate them. He continues to fail to offer good cause for doing so.